AO 442 (REV. 12/85)

# United States District Court
## Western District of Texas
## El Paso Division

FILED
Jul 21 2015
Clerk, U.S. District Court
Western District of Texas

By: *CR*
Deputy

**USA**

vs.

**(1) CARLOS LOPEZ-BENITEZ**

§
§   CRIMINAL COMPLAINT
§   CASE NUMBER: **EP:15-M -02502(1)**
§
§

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **July 19, 2015** in **El Paso** county, in the **WESTERN DISTRICT OF TEXAS** defendant did, being an alien to the United States, enter, attempt to enter, and was found in the United States after having been previously excluded, deported, and removed from the United States without receiving permission to reapply for admission to the United States from the Attorney General of the United States and the Secretary of Homeland Security, the successor pursuant to Title 6, United States Code, Sections 202(3), 202(4), and 557

in violation of Title    **8**    United States Code, Section(s)    **1326**

I further state that I am a(n) **Border Patrol Agent** and that this complaint is based on the following facts: *"The DEFENDANT, LOPEZ-Benitez, Carlos an alien to the United States and a citizen of Mexico was found in the United States on July 19, 2015, in El Paso, Texas in the Western District of Texas. From statements made by the DEFENDANT to the "*

**Continued on the attached sheet and made a part of hereof.**

Sworn to before me and subscribed in my presence,

Signature of Complainant
HERNANDEZ, MIGUEL
Border Patrol Agent

July 21, 2015
File Date

at   EL PASO, Texas
City and State

ANNE T. BERTON
U.S. MAGISTRATE JUDGE

Signature of Judicial Officer

CONTINUATION OF CRIMINAL COMPLAINT - **EP:15-M -02502(1)**

**WESTERN DISTRICT OF TEXAS**

**(1) CARLOS LOPEZ-BENITEZ**

*FACTS   (CONTINUED)*

arresting agent, the DEFENDANT was determined to be a native and citizen of Mexico without immigration documents allowing him to be or remain in the United States legally. The DEFENDANT has been previously removed from the United States to Mexico on or about September 17, 2002 through El Paso, Texas. The DEFENDANT has not received permission from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United States. On July 19, 2015 at approximately 9:30 p.m., Agent Severiano Diaz encountered footprints going north from the U.S./Mexico International Boundary approximately 8 miles west of the Santa Teresa Port of Entry in Santa Teresa, New Mexico. Agent Diaz then followed the footprints north and notified other Agents in the area via government radio. Border Patrol Agents Pedro Soltero, Miguel Renovato and Guillermo Armendariz responded to the area and continued to follow the footprints north. Agent Armendariz followed the footprints north to a McDonald's restaurant, located at 1080 Sunland Park Drive in El Paso, TX 79922. This restaurant is commonly used by undocumented aliens to further their entry into the United States. Agent Armendariz observed two individuals inside the McDonalds restaurant who were extremely sweaty and became nervous as they observed the Agents inside the restaurant. During a consensual encounter Agent Armendariz asked the two individuals if he could see the bottom of their shoes to which, the individuals agreed. Agent Armendariz observed that the individuals' footprints matched the footprints that the Agents were following. Agent Armendariz then identified himself as a U.S. Border Patrol Agent and questioned the individuals to include the DEFENDANT LOPEZ-Benitez, Carlos as to their citizenship and immigration status. The DEFENDANT admitted to being a citizen from Mexico without any immigration documents allowing him to be in, enter or remain in the United States legally. The DEFENDANT was placed under arrest and was transported to the Santa Teresa Border Patrol Station for processing. The DEFENDANT was enrolled into the E3/IDENT/NGI system utilizing his fingerprints and photo. The system identified the DEFENDANT and revealed both positive immigration and criminal history. The DEFENDANT was read his rights as per Form I-214 in the Spanish language which he understood by signing. The DEFENDANT provided a sworn statement without his attorney present and admitted having been previously removed to Mexico. Further immigration records checks revealed that the DEFENDANT has previously been removed from the United States and has not received permission from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United States. Because this Affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.

IMMIGRATION HISTORY:

The DEFENDANT has been deported 1 time(s), the last one being to MEXICO on September 17, 2002, through EL PASO, TX. The DEFENDANT has been granted 22 voluntary departure(s), the last on February 9, 2002, through SANTA TERESA, NM.

CRIMINAL HISTORY:

On March 4, 2002, in El Paso, Texas, the DEFENDANT was Convicted of Poss CS PG 1&lt;1G(F) and sentenced to 2 year probation, Fine:$500.00. On March 29, 2002, in EL PASO, Texas, the DEFENDANT was Convicted of Criminal Trespass Inhabitation /super fund site(M) and sentenced to 2 year probation. Fine:$1000.00.